No. 21-11188

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## UNITED STATES OF AMERICA,
*Plaintiff-Appellee*

v.

## PAULINO GOMEZ BETANCOURT,
*Defendant-Appellant*

_____

Appeal from the United States District Court
Northern District of Texas
Dallas Division

_____

## INITIAL BRIEF FOR APPELLANT

_____

Jason D. Hawkins
Federal Public Defender
Northern District of Texas

Adam Nicholson
Assistant Federal Public Defender
525 S. Griffin St., Suite 629
Dallas, TX 75202
214.767.2746
214.767.2886 (fax)
adam_nicholson@fd.org

*Counsel for Mr. Betancourt*

## Certificate of Interested Persons

The number and style of the case in the court below is *United States v. Paulino Gomez Betancourt*, cause number 3:19-CR-371-1, in the United States District Court for the Northern District of Texas, Dallas Division.

The undersigned counsel of record for Appellant, Paulino Gomez Betancourt, certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| **Federal District Judge:** | Hon. Sam A. Lindsay |
| **Federal Magistrate Judges:** | Hon. Renee Harris Toliver<br>Hon. Irma Carrillo Ramirez<br>Hon. Rebecca Rutherford |
| **Appellant:** | Paulino Gomez Betancourt |
| **Federal Public Defender:** | Jason D. Hawkins |
| **Defense Counsel:** | Sherylynn Kime-Goodwin (dist. ct.)<br>Marti Morgan (dist. ct.)<br>Adam Nicholson (appeal)<br>Gabriela Vega (dist. ct.) |

i

**Acting United States Attorney:**          Chad Meacham

**Assistant U.S. Attorneys:**               George Leal (dist. ct.)
                                            P.J. Meitl (dist. ct.)
                                            Leigha Simonton (appeal)

                                            */s/ Adam Nicholson*
                                            Adam Nicholson

## Statement Regarding Oral Argument

Oral argument is not requested. Counsel has moved to withdraw and has filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After careful study of the record and the applicable law, it is the good faith belief and professional opinion of counsel that this case presents no non-frivolous basis for appeal.

# TABLE OF CONTENTS

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS.......................................................... i

STATEMENT REGARDING ORAL ARGUMENT................................................ iii

TABLE OF AUTHORITIES.......................................................................... v

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW.............................. 2

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT................................................................ 7

ARGUMENT.............................................................................................. 8

CONCLUSION ........................................................................................... 20

CERTIFICATE OF SERVICE...................................................................... 21

CERTIFICATE OF COMPLIANCE............................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anders v. California,*
  386 U.S. 738 (1967) ........................................................................... 7, 8, 20

*Hill v. Lockhart,*
  474 U.S. 52 (1985) ..................................................................................... 16

*Massaro v. United States,*
  538 U.S. 500 (2003) .................................................................................. 17

*United States v. Adams,*
  961 F.2d 505 (5th Cir. 1992) ..................................................................... 8

*United States v. Cuevas-Andrade,*
  232 F.3d 440 (5th Cir. 2000) ................................................................... 11

*United States v. Dominguez Benitez,*
  542 U.S. 74 (2004) ............................................................................. 11, 12

*United States v. Higdon,*
  832 F.2d 312 (5th Cir. 1987) ................................................................... 17

*United States v. Hughes,*
  726 F.3d 656 (5th Cir. 2013) ................................................................... 13

*United States v. Johnson,*
  1 F.3d 296 (5th Cir. 1993) .................................................................. 11, 12

*United States v. Logan,*
  498 F. App'x 445 (5th Cir. 2002) ............................................................ 15

*United States v. Medina-Sanchez,*
  606 F. App'x 136 (5th Cir. 2014) (unpublished) ...................................... 11

*United States v. Minano,*
  872 F.3d 636 (5th Cir. 2017) ................................................................... 15

*United States v. Reyes*,
  300 F.3d 555 (5th Cir.2002) ........................................................................... 14

*United States v. Scott*,
  987 F.2d 261 (5th Cir. 1993), *cert. denied*, 516 U.S. 902 (1995) ..................... 8

*United States v. Vonn*,
  535 U.S. 55 (2002) .......................................................................................... 14

**Federal Statutes**

18 U.S.C. § 3231 ............................................................................................... 1

18 U.S.C. § 3553(a) .......................................................................................... 9

18 U.S.C. § 3553(c) ........................................................................................ 18

18 U.S.C. § 3571 ............................................................................................ 19

18 U.S.C. § 3572 ............................................................................................ 19

18 U.S.C. § 3742 ............................................................................................... 1

21 U.S.C. § 841(a)(1) ........................................................................................ 3

21 U.S.C. § 841(b)(1)(C) ................................................................................... 3

21 U.S.C. § 846 ................................................................................................. 3

28 U.S.C. § 1291 ............................................................................................... 1

28 U.S.C. § 2255 ............................................................................................ 17

**United States Sentencing Guidelines**

USSG § 5E1.2 ................................................................................................. 19

USSG § 2D1.1(b)(5) .......................................................................................... 5

USSG § 2D1.1(b)(12) ........................................................................................ 5

USSG § 2D1.1(c)(1) ........................................................................................... 5

USSG § 4B1.1(a) ........................................................................................ 5

USSG § 4B1.1(b) ....................................................................................... 5

**Rules**

FED. R. APP. P. 4 ...................................................................................... 1

FED. R. CRIM. P. 11 ........................................................................... *passim*

FED. R. CRIM. P. 11(b)(1)(D) ............................................................ 4, 10

FED. R. CRIM. P. 11(c)(3)(A) ............................................................ 4, 12

FED. R. CRIM. P. 11(h) ...................................................................... 11, 12

FED. R. CRIM. P. 32 ............................................................................ 7, 18

## Statement of Jurisdiction

The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291, as this is an appeal from a final judgment entered by the United States District Court for the Northern District of Texas.  Jurisdiction is also invoked pursuant to 18 U.S.C. § 3742.

Written judgment was entered by the district court on November 17, 2021. (ROA.73). A notice of appeal was filed on November 30, 2021. (ROA.80), and in accordance with FED. R. APP. P. 4, is considered timely filed.

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

I.    The district court properly complied with Federal Rule of Criminal Procedure 11 and the United States Constitution at Appellant's re-arraignment.

II.   Appellant's waiver of appeal bars the appeal of this conviction. The enumerated exceptions to the waiver do not apply.

III   The presentence report and sentencing complied with the Federal Rules of Criminal Procedure.

## STATEMENT OF THE CASE[1]

On August 7, 2019, a Defendant Paulino Gomez Betancourt and four codefendants were charged in a five-count indictment in the Northern District of Texas. (ROA.9–18). Count One charged Mr. Betancourt and others with conspiracy to possess with intent to distribute a controlled substance, a violation of 21 U.S.C. § 846. (ROA.9–10). Count Three charged Mr. Betancourt with possession with intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (ROA.12). A warrant for Mr. Betancourt's arrest issued and executed on August 9, 2019. (ROA.21).

Mr. Betancourt entered into a plea agreement, (ROA.140–48), in which he agreed to plead guilty to Count Three of the information. (ROA.140–41). In turn, the government agreed both to dismiss the remaining charge against Mr. Betancourt and to bring no additional charges against him based on the underlying conduct. (ROA.144). In Paragraph 12 of that agreement, Mr. Betancourt waived his right to appeal or otherwise challenge "the conviction, sentence, fine and order of restitution or forfeiture." (ROA.145). The plea agreement, however, reserved exceptions to this waiver for Mr. Betancourt "(a) to bring a direct appeal of (i) a sentence exceeding the

---

[1] All references to the Electronic Record on Appeal are made in the following manner: [ROA p. (USCA5 page number)].

3

statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." (ROA.145).

Mr. Betancourt pled guilty before a magistrate at a rearraignment hearing. (ROA.87–108). As a part of this proceeding, the magistrate did not inform Mr. Betancourt of his right to be "represented by counsel . . . at trial and at every other stage of the proceeding[.]"[2] Instead, while informing Mr. Betancourt of his trial rights, the magistrate merely informed Mr. Betancourt that he had "the right to the assistance of an attorney, and one would be appointed for you if you could not afford to hire an attorney." (ROA.91).

Also, the magistrate not inform Mr. Betancourt that the district judge had options to accept the plea agreement, reject it, or defer a decision until after the district court reviewed his Presentence Report ("PSR"), as required by Rule 11(c)(3)(A). Instead, the magistrate merely informed Mr. Betancourt that, "if [the district judge] rejects the plea agreement, [Mr. Betancourt] would then have the opportunity to withdraw [his] plea." (ROA.104). Later, the magistrate accepted Mr. Betancourt's guilty plea and informed Mr. Betancourt that the magistrate would file a written recommendation with the district court, recommending that the plea be accepted.

---

[2] FED. R. CRIM. P. 11(b)(1)(D).

(ROA.106–07). Mr. Betancourt raised no objection to the rearraignment proceedings.

A PSR was prepared and entered on July 1, 2021. (ROA.152–81). Mr. Betancourt's base offense level was 38, under USSG § 2D1.1(c)(1), because the PSR held Mr. Betancourt responsible for at least 169.1 kilograms of methamphetamine. (ROA.159) The PSR applied a two-level increase under USSG § 2D1.1(b)(5) because it concluded that the methamphetamine was imported into the United States from Mexico and Mr. Betancourt was not subject to a mitigating role adjustment. (ROA.160). Two more levels were added under USSG § 2D1.1(b)(12) because the PSR concluded that Mr. Betancourt maintained a premises for the purpose of manufacturing or distributing a controlled substance. (ROA. 160). The PSR also concluded that Mr. Betancourt was a career offender under USSG § 4B1.1(a), but the offense level was unchanged because Mr. Betancourt's otherwise-applicable offense level was greater than the offense level of 32 implicated for a career offender facing a statutory maximum imprisonment term of 20 years. (ROA.160). After three levels of reduction for acceptance of responsibility, Mr. Betancourt's total offense level became 39. (ROA.160).

Mr. Betancourt's prior criminal convictions resulted in 11 criminal history points. (ROA.164). However, because he was a career offender under USSG § 4B1.1(b), his Criminal History Category ("CHC") was VI. (ROA.83–90). Given his total offense level

of 39 and CHC of VI, Mr. Betancourt's guideline imprisonment range would have been was 360 months to life; however, his guideline range was limited to 240 months, the statutory maximum sentence for his offense of conviction. (ROA.168–69).

Neither the government nor Mr. Betancourt lodged any objection to the PSR. (ROA.182–84).

At Mr. Betancourt's sentencing hearing, counsel for the defendant raised no objections to the PSR's sentencing calculations. *See* (ROA.113). Thus, the district court found that Mr. Betancourt's offense level was 39, which would have combined with his CHC of VI to make a guideline imprisonment range of 360 months to life; however, the district court concluded that the guideline range was 240 months—the maximum length of a sentence under the statutory limits. (ROA.116).

The district court imposed a term of 240 months' incarceration and a three-year term of supervised release. (ROA.74–75, 133–34, 135–36). It ordered no fine or restitution, though it imposed the mandatory $100 special assessment. (ROA.78, 133–34).

The district court entered its judgment on November 17, 2021. (ROA.73). Mr. Betancourt filed a notice of appeal on November 30, 2021. (ROA.80).

## SUMMARY OF THE ARGUMENT

The district court complied with FED. R. CRIM. P. 11 and the United States Constitution in taking Mr. Betancourt's guilty plea by advising him of his rights, by assuring that his plea was knowing and voluntary, and by assuring that there was an adequate factual basis for the plea. There is no basis for reversal of his conviction because the record indicates that Mr. Betancourt's plea was factually supported and made knowingly, understandingly, and voluntarily.

Likewise, there is no basis for reversal of his sentence. The district court complied with FED. R. CRIM. P. 32 in sentencing Mr. Betancourt. The PSR was disclosed to Mr. Betancourt and counsel, and they had an opportunity to review these before sentencing. Mr. Betancourt was given an opportunity to address the court, both personally and through counsel. There was no error in the sentence.

Mr. Betancourt waived appeal except for four enumerated grounds that do not apply here. Identifying no legally non-frivolous issues for appeal, counsel is duty-bound to move for the Court's permission to withdraw from further representation of Mr. Betancourt, pursuant to *Anders v. California*.[3]

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

## ARGUMENT

**Issue I**
**The district court properly complied with Federal Rule of Criminal Procedure 11 and the United States Constitution at Mr. Betancourt's rearraignment.**

### Standard of Review

Whether the requirements of Federal Rule of Criminal Procedure 11 were satisfied is a conclusion of law and, therefore, reviewable de novo.[4] A district court's finding that there is an adequate factual basis for a plea of guilty, as required by FED. R. CRIM. P. 11(f), is reviewed under the clearly erroneous standard.[5] Likewise, a district "court's acceptance of the plea [is regarded] as a positive finding on each [of the subjects of inquiry required by Rule 11], reviewable under the clearly erroneous standard."

### Argument

In light of the Court's pronouncement in the *Anders* Case Guidelines,[6] this brief will use the outline as requested by the Court.

---

[4] *United States v. Scott*, 987 F.2d 261, 264 (5th Cir. 1993), *cert. denied*, 516 U.S. 902 (1995).
[5] *United States v. Adams*, 961 F.2d 505, 509 (5th Cir. 1992) (citation omitted).
[6] http://www.ca5.uscourts.gov/clerk/AndersChecklist.pdf.

8

| I. Advising and Questioning the Defendant - FED. R. CRIM. P. 11(b)(1) | |
|---|---|
| **(A)** risk of perjury | ROA.89 |
| **(B)** right to plead not guilty or persist in not-guilty plea | ROA.90 |
| **(C)** right to jury trial | ROA.90–91 |
| **(D)** right to counsel at trial and every other stage | ROA.91<br>Also, see below. |
| **(E)** certain specific rights at trial | ROA.91 |
| **(F)** defendant's waiver of trial rights | ROA.91 |
| **(G)** nature of the charge | ROA.100–01 |
| **(H)** maximum possible penalty | ROA.102–03 |
| **(I)** mandatory minimum penalty | n/a |
| **(J)** any applicable forfeiture | n/a |
| **(K)** court's authority to order restitution | ROA.102 |
| **(L)** court's obligation to impose a special assessment | ROA.102 |
| **(M)** court's obligation to calculate guidelines range and consider that range, possible departures, and other 18 U.S.C. § 3553(a) factors | ROA.93 |
| **(N)** terms of waiver of right to appeal or collaterally attack sentence | ROA.105 |
| **II.   Voluntariness of Plea - Rule 11(b)(2)** | ROA.105–06 |
| **III.   Plea's Factual Basis - Rule 11(b)(3)** | ROA.101–02 |
| **IV.  Judicial Consideration of Plea Agreement - Rule 11(c)(3)**<br>(advisory to defendant if plea agreement is of specified type) | *See* ROA.104–05<br>Also, see below. |

| | |
|---|---|
| **V.  Accepting Plea Agreement - Rule 11(c)(4)** (informing the defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | ROA.104–05 |
| **VI.  Enforcing Plea Agreement** (Government's compliance with plea agreement, defense counsel's certification whether government intends to enforce appeal waiver, and validity of appeal waiver) | The Attorney for the U.S. has advised she intends to enforce the appeal waiver. |

It appears that the magistrate erred by failing to inform Mr. Betancourt of his right to be "represented by counsel . . . at trial and at every other stage of the proceeding[.]"[7] Instead, while informing Mr. Betancourt of his trial rights, the magistrate merely informed Mr. Betancourt that he had "the right to the assistance of an attorney, and one would be appointed for you if you could not afford to hire an attorney." (ROA.91). Because the magistrate did not inform Mr. Betancourt of his right to counsel at "every other stage of the proceeding," it appears that the magistrate's admonitions fell short of the letter of the Rule 11 requirements.

Even if the magistrate's colloquy fell short of the requirements of Rule 11(b)(1)(D), however, a Rule 11 error (whether total or partial, core or non-core) does not require automatic reversal. Instead, "reversal is required when – but only when – the challenged 'variance from the procedures required by [Rule 11] . . . affect[s]

---

[7] FED. R. CRIM. P. 11(b)(1)(D).

substantial rights' of the defendant."[8] Furthermore, "to obtain relief for an unpreserved Rule 11 failing . . . a defendant is obligated to show a reasonable probability that, but for the error, [the defendant] would not have entered the plea.'"[9]

The undersigned believes that Mr. Betancourt cannot show, based on the record below, that a reasonable probability exists that he would not have pled guilty had the magistrate properly informed him of his right to counsel. Mr. Betancourt was appointed counsel on July 17, 2019, (ROA.22), which was the day of Mr. Betancourt's initial appearance, (ROA.19), and the same day that the court ordered his detention. (ROA.19). At no time did Mr. Betancourt equivocate in his desire to enter a guilty plea. *See* (ROA.87–108). Moreover, at no point in the record did Mr. Betancourt show dissatisfaction with his trial counsel's representation or otherwise indicate that he might have desired different appointed counsel. Therefore, the undersigned believes that the error did not affect Mr. Betancourt's substantial rights because he does not believe that Mr. Betancourt can show a "reasonable probability that, but for the error, he would not have entered the plea."[10]

It also appears from the record that the magistrate failed to inform Mr.

---

[8] *United States v. Johnson,* 1 F.3d 296, 298, 302 (5th Cir. 1993) (quoting Fed. R. Crim. P. 11(h)).

[9] *United States v. Dominguez Benitez,* 542 U.S. 74, 76 (2004).

[10] *United States v. Medina-Sanchez,* 606 F. App'x 136, 136 (5th Cir. 2014) (unpublished) (citing *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004); and *United States v. Cuevas-Andrade,* 232 F.3d 440, 445 (5th Cir. 2000)).

Betancourt that the district judge had options to accept the plea agreement, reject it, or defer a decision until after the district court reviewed a PSR, as required by Rule 11(c)(3)(A). Instead, the magistrate merely informed Mr. Betancourt that, "if [the district judge] rejects the plea agreement, [Mr. Betancourt] would then have the opportunity to withdraw [his] plea." (ROA.104). Later, the magistrate accepted Mr. Betancourt's guilty plea and informed Mr. Betancourt that the magistrate would file a written recommendation with the district court, recommending that the plea be accepted. (ROA.106–07). Mr. Betancourt raised no objection to the rearraignment proceedings.

Nonetheless, even if the magistrate's colloquy fell short of the requirements of Rule 11(c)(3)(A), a Rule 11 error (whether total or partial, core or non-core) does not require automatic reversal. Instead, "reversal is required when – but only when – the challenged 'variance from the procedures required by [Rule 11] . . . affect[s] substantial rights' of the defendant."[11] Furthermore, "to obtain relief for an unpreserved Rule 11 failing . . . a defendant is obligated to show a reasonable probability that, but for the error, he would not have entered the plea."[12]

The undersigned counsel, however, does not believe that the magistrate's failure to follow the precise language of Rule 11(c)(3)(A) amounts to reversible plain error.

---

[11] *United States v. Johnson,* 1 F.3d 296, 298, 302 (5th Cir. 1993) (quoting Fed. R. Crim. P. 11(h)).
[12] *United States v. Dominguez Benitez,* 542 U.S. 74, 76 (2004).

12

Although the district court could have rejected or deferred a decision on accepting the guilty plea until after the PSR's production, the district court accepted Mr. Betancourt's guilty plea before the PSR was prepared. *Compare* (ROA.45), *with* (ROA.171). Because the district court accepted Mr. Betancourt's guilty plea, his substantial rights were not substantially affected or prejudiced as a result of the magistrate's failure to inform him of the other possible outcomes.[13]

---

[13] *Cf. United States v. Hughes*, 726 F.3d 656, 661 (5th Cir. 2013) (holding that a failure to inform of the consequences of guilty pleas on counts where the defendant received the "full benefit of the plea agreement in this regard" did not affect the defendant's substantial rights).

13

**Issue II**
**Mr. Betancourt's waiver of appeal bars the appeal of this conviction.  The enumerated exceptions to the waiver do not apply.**

**Standard of Review**

A guilty plea involves the waiver of several constitutional rights; thus, it must be made knowingly and voluntarily.[14] "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea."[15] Because Mr. Betancourt made no objections concerning his plea, the Court must apply plain error analysis.[16] Under plain error review, Mr. Betancourt has the burden of showing that the error affected his "substantial rights."[17] The Court "may consult the whole record when considering the effect of any error on substantial rights."[18] In addition, relief on plain error review is within the Court's sound discretion, "which [the Court] will not exercise unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings."[19]

**Argument**

It should first be noted that undersigned counsel has contacted the attorney for the government and confirmed that the government will be asserting the waiver-of-

---

[14] *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir.2002).
[15] *Id.* at 558.
[16] *United States v. Vonn*, 535 U.S. 55, 58 (2002).
[17] *Id.* at 62-63.
[18] *Id.*
[19] *Reyes*, 300 F.3d at 558.

14

appeal provision in the plea agreement.

Mr. Betancourt's written plea agreement has four exceptions to the waiver of appeal set forth in Paragraph 12 of the plea agreement, to wit: "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." (ROA.145).

The statutory range of punishment for his single count of conviction included imprisonment for a maximum of 20 years; a fine of up to $1,000,000; a term of supervised release of not less than three years; restitution; and a mandatory $100.00 special assessment. (ROA.98–99). Mr. Betancourt received a 24-month sentence of imprisonment; no fine or restitution; a three-year term of supervised release; and a $100 special assessment. (ROA.73–78). No element of Mr. Betancourt's sentence exceeded the statutory maximum.

Counsel can find no arithmetic error in the sentence that would fall within this exception. An arithmetic error is one "involving a mathematical calculation,"[20] and a court does not commit mathematical error merely by exercising its judgment in applying the sentencing guidelines.[21] Mr. Betancourt raised no objections to the PSR. (ROA.183).

---

[20] *United States v. Logan*, 498 F. App'x 445, 446 (5th Cir. 2002).
[21] *See United States v. Minano*, 872 F.3d 636, 636-37 (5th Cir. 2017).

He made no objections arguing that there were any arithmetic errors in the offense level calculation, and there appears to be no such errors. Accordingly, this exception to the waiver of appeal does not apply.

Under the plea agreement, Mr. Betancourt can challenge the voluntariness of his guilty plea and waiver of appeal. As has been set forth above, Mr. Betancourt's guilty plea and his waiver of appeal appear to have been knowingly and voluntarily made. Counsel can find no basis in the record for raising an appeal under this exception. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[22] The magistrate judge accepted Mr. Betancourt's guilty plea only after first addressing him and determining that the plea was voluntary and not the result of threats or other promises. (ROA.105–06). The magistrate further determined that Mr. Betancourt knew he was giving up his right to appeal all except for the circumstances set forth in Paragraph 12 of his plea agreement. (ROA.104–05). Thus, the third exception does not apply.

The appeal waiver allows Mr. Betancourt to bring a claim of ineffective assistance of counsel. As a general rule, this Court does not review claims of ineffective assistance of counsel on direct appeal. An exception is made if the record below allows for a fair

---

[22] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

evaluation of the merits of the claim.[23] The instant case does not fit into this exception because the record does not provide information on the trial strategies, the motivations behind his trial tactics, or the extent of his investigations of Mr. Betancourt's attorney. As a result, this Court would not consider a claim of ineffective assistance of counsel in this appeal. Mr. Betancourt has reserved the right to bring a claim of ineffective assistance of counsel in a motion pursuant to 28 U.S.C. § 2255, which provides him the appropriate vehicle to bring such a claim following the conclusion of this direct appeal. Furthermore, it would allow Mr. Betancourt to develop material outside the record to support any such claim.

Because the record reflects that Mr. Betancourt's plea was knowingly and voluntarily entered, if he desires to challenging the voluntariness of his plea, he would need to raise that in a motion filed pursuant to 28 U.S.C. § 2255.

---

[23] *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987); *Massaro v. United States*, 538 U.S. 500, 508 (2003) (reserving this exception for situations of "apparent" or "obvious" shortcomings of counsel).

**Issue III**

### The Presentence Report and Sentencing Complied with the Federal Rules of Criminal Procedure

| SENTENCING - Fed. R. Crim. P. 32 | |
|---|---|
| **I. Rule 32(e)(2)** (disclosing the PSR) | *Compare* ROA.152, *with* ROA.73 |
| **II. Rule 32(i)(1)** (verifying that defendant and counsel read and discussed the PSR and any addendum to the PSR and allowing counsel to comment on PSR and sentencing matters) | ROA.112–13 |
| **III. Rule 32(i)(3)** (findings on disputed matters) | ROA.113 |
| **IV. Rule 32(i)(4)** (allowing counsel and defendant to speak) | ROA.117–28 |
| **V. Rule 32(j)(1)** advising defendant of any right to appeal and right to appeal in forma pauperis) | ROA.138 |
| **VI. Rule 32(k)(1)** judgment correctly sets forth plea, offense(s) of conviction and sentence) | *Compare* (ROA.133–37), *with* (ROA.74–78) |
| **VII. Adequacy of reasons for sentence**; 18 U.S.C. § 3553(c) | ROA.130–34 |
| **VIII. Calculation of sentence** | |
| **Offense level calculation** (identify base offense level and any adjustments) | PSR ¶¶ 27–37 (ROA.159–60) |

| | |
|---|---|
| **Criminal history calculation** (identify prior convictions and any additional points) | PSR ¶¶ 38–46 (ROA.161–64) |
| **Advisory guidelines range** | PSR ¶ 75 (ROA.168–69) |
| **Statutory minimum or maximum**, if any, term of imprisonment and supervised release | PSR ¶¶ 74, 77 (ROA.168, 169) |
| **Fine range**, if fine was imposed; *see* U.S.S.G. § 5E1.2, and findings on fine and on defendant's ability to pay; *see id.*; 18 U.S.C. §§ 3571 & 3572 | PSR ¶ 83 (ROA.169) None imposed. (ROA.78, 133). |

No part of this sentence exceeded that authorized by statute. It does not appear that the district court committed any error in imposing these portions of Mr. Betancourt's sentence. The sentence imposed by the district court was within the advisory guideline imprisonment range. It does not appear that the district court committed any error in imposing the sentence.

19

## CONCLUSION

In accordance with *Anders v. California*, 386 U.S. 738 (1967), counsel has examined the record for issues which might arguably support an appeal. In the opinion of counsel, there are no such issues. There being no legally non-frivolous basis for an appeal in this case, counsel hereby moves to withdraw from this case in accordance with the requirements of *Anders v. California*, and asks the Court to rule on this appeal in accordance therewith.

Respectfully submitted,

/s/ Adam Nicholson
**Adam Nicholson**
Assistant Federal Public Defender
Northern District of Texas
525 S. Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.676.2886  Fax
Adam_Nicholson@fd.org

## CERTIFICATE OF SERVICE

I, Adam Nicholson, hereby certify that on this the 30th day of March, 2022, the initial brief was served via ECF email to counsel for the Respondent, Assistant United States Attorney Leigha Simonton at Leigha.Simonton@usdoj.gov .  I further certify that: (1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of Symantec Endpoint Protection and is free of viruses.

I further certify that I have reasonably attempted to communicate, in a manner and a language understood by Defendant, by sending a letter to the client advising: (i) that counsel has fully examined the record and reviewed the relevant law and there are no meritorious issues for appeal; (ii) that counsel has therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) Defendant has the right to file a response in English, opposing counsel's motion within 30 days of the filing of counsel's certificate of service. *See United States v. Moreno-Torres*, 768 F.3d 439 (5th Cir. 2014). A copy of the *Anders* brief was sent to Mr. Paulino Gomez Betancourt, Reg. No. 69241-065, FCI Big Spring, Federal Correctional Institution, 1900 Simler Ave., Big Spring, TX, 79720.

/s/ Adam Nicholson
**Adam Nicholson**

21

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7) of the Federal Rules of Appellate Procedure, the undersigned certifies this brief complies with the type-volume limitations announced in Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.

1.  Exclusive of the exempted portions announced in Rule 32(a)(7)(B)(ii) of the Federal Rules of Appellate Procedure and 5th Circuit Rule 32.2, the undersigned certifies that the Initial Brief contains 3,970 words in proportionately spaced typeface.

2.  The brief has been prepared in proportionately spaced typeface using Microsoft Word, Garamond 14 pt. Footnotes are in Garamond 12 pt.

3.  The undersigned understand a material misrepresentation in completing this certificate, or circumvention of the type-volume limits states in Rule 32(a)(7) of the Federal Rules of Appellate Procedure, may result in the Court striking the brief and imposing sanctions against the person signing the brief.

/s/ Adam Nicholson
**Adam Nicholson**
**Assistant Federal Defender**

22